MORRIS B. BEARDSLEY, ADMINISTRATOR, *vs.* RALPH T. FAIRCHILD, ADMINISTRATOR, ET ALS.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

A testator who owned an interest in real and personal property subject to the life use of another who survived him many years, after disposing of a portion of the interest to a hospital, directed that the balance, upon the termination of the life estate, should "be paid over to and divided equally among my then living, lawful heirs" in fee. *Held* that the "then living, lawful heirs" were the heirs of the testator, ascertained as of the date of his death, who might be living at the time of the life tenant's decease; and that as thus construed the clause was not in violation of the statute against perpetuities which was in force in 1893 when the testator died.

"Heirs" prima facie mean those who are entitled to inherit from an intestate.

A construction which gives validity and effect to a clause in a will and avoids intestacy, if reasonable, should be favored.

Where the cause is ready for final judgment in the trial court, counsel

Beardsley *v.* Fairchild.

need not file the stipulation which would otherwise be required for a reservation for advice under the rules of this court, Practice Book, p. 286, §§ 70–72.

Submitted on briefs June 10th—decided July 25th, 1913.

Suit to determine the validity and construction of the will of Elijah Beach of Trumbull, deceased, brought to and reserved by the Superior Court in Fairfield County, *Greene, J.*, upon an agreed finding of facts, for the advice of this court.

Elijah Beach, at the time of his death in 1893, as one of the heirs at law of Cornelia M. Banks, deceased, was the owner of a remainder interest in a portion of the latter's estate, consisting of both real and personal property, subject to the life use of her husband, Edwin Banks, who died in April, 1912, and survived Beach some nineteen years. Beach, in his will, disposed of this remainder interest by providing in its seventh paragraph that, after the property should come into the possession of his executor or other person authorized to receive it, $5,000 of it should be used for the purpose of founding a free bed in the Bridgeport Hospital, and, by further providing, in the eighth paragraph, that all the residue of this remainder interest, when paid over to the executor or other person authorized to receive it, should "be paid over to and divided equally among my then living, lawful heirs, to them and their heirs forever."

After Beach's death and during Banks' life, the real estate was sold by order of the Court of Probate, and thus converted into cash. Beach's estate has been settled, except as to his interest in Mrs. Banks' estate. The sum of $12,976.16, representing this interest, is now in the hands of the plaintiff as administrator c. t. a. of said estate, ready for distribution to the persons entitled to receive it. Of this sum $1,952.09 was derived from the sale of Mrs. Banks' real estate. Beach left

surviving him a widow to whom he was married in 1842. She died in 1897, leaving a will under which she disposed of all of her estate.

Advice is sought in answer to two questions. The first is whether the remainder created, or attempted to be created, in the eighth clause of the will in the "then living, lawful heirs" of the testator, is inoperative and void, as being in contravention of the statute against perpetuities in force at the time of his death, or whether a valid disposition of such remainder was thereby made. The second relates to the manner in which that portion of the fund in the hands of the plaintiff, which represents the proceeds of real estate, should be distributed by him in the event that the testamentary provision should be held invalid and intestacy thereby result.

*Morris B. Beardsley* and *Samuel F. Beardsley*, for the plaintiff.

No counsel appeared for any of the defendants.

PRENTICE, C. J.   The words "my then living, lawful heirs," used in the eighth clause of the testator's will to describe the persons to whom the subject of the gift in that clause should be paid over upon the termination of the life interest of Edwin Banks, are to be interpreted as meaning the lawful heirs of the testator, ascertained as of the time of his death, who should be living at the time of the life tenant's decease.   Such interpretation is more in accordance with the natural meaning of the language used than would be the alternative one which would make the testator's lawful heirs, ascertained as of the date of the life tenant's death, the persons designated as the beneficiaries of the gift.   The word "heirs" prima facie means those who, in the absence of a will, would be entitled to inherit

from a deceased. *Nicoll* v. *Irby*, 83 Conn. 530, 534, 77
Atl. 957. Again, it is more reasonable to believe that
the testator used the qualifying words "then living" as
limiting and defining the members of a class liable to be
diminished in its numbers by death as time passed,
rather than as descriptive of a class, all of whose mem-
bers must, by the necessity of the situation, be living
when the class is formed. This construction also has
it in its favor that it gives to the testator's provision
validity and operative efficiency, and avoids unintended
intestacy. *Wolfe* v. *Hatheway*, 81 Conn. 181, 185, 70
Atl. 645; *Pease* v. *Cornell*, 84 Conn. 391, 396, 80 Atl. 86.
As thus interpreted, the provision in question is not
void as being in contravention of the statute against
perpetuities. This being our conclusion, the conditions
involved in the remaining question are not present in
the case. That question, therefore, requires no atten-
tion.

The request for a reservation in this case contains a
stipulation signed by counsel conformably to the re-
quirements of § 71 of the rules of this court. Practice
Book (1908) p. 286. Such stipulation is not required
where the action in the trial court is ready for final
judgment as this necessarily was. Rule 70.

The Superior Court is advised to render its judgment
that the remainder attempted to be created in the eighth
clause of the will in the "then living, lawful heirs" of
the testator is not inoperative and void, but that a valid
disposition was thereby made of such remainder to the
heirs of the testator, ascertained as of the time of his
death, who should be living at the date of the decease
of Edwin Banks.

No costs in this court will be taxed in favor of any
party.

In this opinion the other judges concurred.